**LI JIAN LIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–1306–ag.**

United States Court of Appeals, Second Circuit.

July 24, 2006.

Joan Xie, New York, NY, for Petitioner.

Reginald I. Lloyd, United States Attorney, District of South Carolina, Jennifer Aldrich, Assistant United States Attorney, Columbia, SC, for Respondent.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Li Jian Lin, a citizen of the People's Republic of China, petitions for review of the February 2004 order of the Board of Immigration Appeals ("BIA") affirming Immigration Judge ("IJ") Adam Opaciuch's decision denying Lin's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 n. 7 (2d Cir.2004).

Here, the IJ's adverse credibility determination, based on inconsistencies within Lin's account of persecution, was supported by substantial evidence in the record. Lin's testimony was inconsistent as to: (1) the date the police had come to his store; (2) what point the store had been sealed off from authorities; and (3) when Falun Gong had become illegal. Additionally, Lin's former employee's letter was inconsistent with Lin's testimony that the authorities had threatened Lin with arrest. The IJ, the Government, and Lin's attorney elicited lengthy explanations from Lin regarding each of these inconsistencies, and Lin's explanations appear confused and non-responsive. Under these circumstances, the IJ's decision not to credit Lin's explanations for the inconsistencies did not constitute error. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

Because the only evidence of a threat to the petitioner's life or freedom depended upon the petitioner's credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003). Furthermore, with regard to the CAT claim, Lin failed to prove that "it is more likely than not that he ... would be tortured if removed to [China]," *see* 8 C.F.R. 208.16(c)(2), and, therefore, he is not eligible for CAT relief. The IJ considered all of the proffered evidence and gave the CAT claim "individualized treatment." *Ramsameachire,* 357 F.3d at 186.

For the foregoing reasons, Li's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).